IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **JOHN L. SCARBOROUGH** | § | |
| | § | |
| **v.** | § | **1:20-cv-0366-RP** |
| | § | |
| **CHRISTOPHER KEENEY, et al.** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ROBERT PITMAN
      UNITED STATES DISTRICT JUDGE

Before the Court is Defendants Rick Keeney's and Dana Keeney's 12(b)(6) Motion (Dkt. No. 11), the Plaintiff's Response (Dkt. No. 15), and the Keeneys' Reply (Dkt. No. 16). The District Court referred the motion to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Court Rules.

**I. GENERAL BACKGROUND**

In this suit John Scarborough sues Christopher Keeney and his parents, Rick and Dana Keeney, for injuries Scarborough sustained when Christopher Keeney's dog attacked Scarborough's dog while Scarborough was walking his dog near Christopher Keeney's residence. Scarborough alleges that Christopher Keeney was the owner of the dog, and that he and the dog resided at a home owned by his Keeney's parents, Rick and Dana Keeney. The motion before the Court requests that the Court dismiss the claims against the parents, contending that "[t]here is no cognizable claim under Texas law against parties who neither own, harbor, or protect an allegedly dangerous animal." Dkt. No. 11 at 2. Scarborough makes two arguments in response to the motion: (1) the parents not only owned the house the dog resided at, but also helped raise the dog, were aware of its dangerous propensities, and allowed their son to let the dog to roam free; and (2) that before the Court dismisses

the claims against the parents, he should be given an opportunity to amend his complaint. The Defendants' primary reply is to argue that the complaint fails to allege facts in sufficient detail to show that the dog had vicious tendencies, that the elder Keeneys had any knowledge of the alleged propensities, or that they had the ability to control the premises.

## II. ANALYSIS

Rule 12(b)(6) allows a party to move to dismiss an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). In deciding a Rule 12(b)(6) motion "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the [nonmovant]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted), *cert. denied*, 552 U.S. 1182 (2008). While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations in order to avoid dismissal, the plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Supreme Court has explained that a court need not accept as true conclusory allegations or allegations stating a legal conclusion. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must contain sufficient facts "to state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Id.*

With regard to the Keeneys' argument that the complaint fails to adequately allege that they had the right to control the premises, and thus to require that their son properly restrain the dog, Scarborough correctly notes that under Texas law "[i]f a landlord has actual knowledge of an animal's dangerous propensities and presence on the leased property, and has the ability to control the premises, he owes a duty of ordinary care to third parties who are injured by this animal." *Batra*

2

*v. Clark*, 110 S.W.3d 126, 130 (Tex. App. – Houston [1st Dist.] 2003, no pet.); *see also Bolton v. Fisher*, 528 S.W.3d 770, 775-76 (Tex. App. – Texarkana 2017, pet. denied) (collecting cases). The complaint alleges that the Keeneys own the house, and that their son lives there.  The allegation of ownership is sufficient to raise above the speculative level the inference that the Keeneys had the right to require their son to fence or otherwise restrain the dog.  This argument fails.

The Keeneys' remaining two arguments revolve around whether the allegations of the complaint adequately allege the dog had vicious tendencies or whether the Keeneys were aware of those tendencies.  In his response, Scarborough elaborates on the facts contained in the complaint with the following:

> The pit bull at issue is believed to have been partially raised by these Defendants who were aware of its vicious and dangerous propensities. The pit bull stayed for the most part in and around a residence owned by these Defendants. These Defendants and their son, who lived at that residence also, allowed the pit bull to roam outside the residence without sufficient restraint of any kind.

Dkt. No. 15 at 1-2.[1]  Though the Keeneys' stated complaint with these allegations is that they are too vague, that complaint segues into a factual argument: because the complaint does not allege any prior attacks by the dog, this must have been the first such occurrence, and thus the Keeneys could not have been aware of any dangerous propensities of the dog.  Dkt. No. 16 at 2.  The unstated

---

[1] Though these additional factual allegations are not included in the complaint, the Court considers them for several reasons.  First, the Keeneys filed a reply, in which they specifically address why they contend these facts are not enough to cure the claim, so will not be surprised by the Court's consideration of these facts.  Second, as noted in the text, Scarborough has requested leave to amend if necessary, and in most instances it is an abuse of discretion for a court to dismiss under Rule 12(b)(6) without giving the plaintiff the opportunity to amend.  *See, e.g., Hart v. Bayer Corp.*, 199 F.3d 239, 247 n. 6 (5th Cir. 2000).  Clearly, if given the opportunity to amend, Scarborough would allege these very same facts. Rather than first require Scarborough to do so, and then make the Keeneys file a second motion to dismiss before addressing the issue, it is more efficient to address the argument head-on at this point.  Having said this, the recommendation contained herein is contingent on Scarborough amending his complaint to add these allegations within 14 days of the date this recommendation is filed.

assumption of this argument is that a complaint that claims a dog has vicious tendencies must allege a prior attack. While such an allegation would no doubt strengthen a complaint, the Keeneys fail to cite any case holding that this sort of factual allegation is *required* to state a valid claim. The facts alleged in the complaint, as supplemented by the additional allegations quoted above, are sufficient to raise the claim that the Keeneys had prior knowledge of the dog's behavior above the speculative level. That is enough to satisfy Rule 12(b)(6). Whether Scarborough will be able to prove the truth of the allegations is a different question, but that is a question that cannot be answered until the summary judgment or trial stage of the case.

### III.  RECOMMENDATION

The Court **RECOMMENDS** that the District Court **DENY** Rick Keeney's and Dana Keeney's 12(b)(6) Motion, contingent on the Plaintiff having filing an amended complaint as set forth in footnote 1 above. The Clerk is directed to remove this case from the undersigned's docket and return it to the docket of the Honorable Robert Pitman.

### IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c);

*Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 1st day of March, 2021.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE